# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3001 | **DATE** | 4/24/2012 |
| **CASE TITLE** | Robert Gayol (#2011-1026129) vs. Cook County Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $12.20 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However summons shall not issue. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint. The Clerk is directed to send Plaintiff an amended complaint form and a copy of this order. Plaintiff's failure to comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.

■[For further details see text below.]  Docketing to mail notices.

# STATEMENT

   Plaintiff, a pretrial detainee at Cook County Jail has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.
   Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $12.20. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
   Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.
   Plaintiff alleges that from November 2011 through January 2012, he was housed on a deck within Cook County Jail that had inadequate heat. Plaintiff identifies Cook County Department of Corrections, Commander Ortega, and Commander Page as Defendants in the caption of his complaint.
   Plaintiff must submit an amended complaint. First, the form complaint Plaintiff filed is incomplete, page two of the form complaint is missing. In addition, the Cook County Department of Corrections is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304 (7th Cir. 1993).
    In addition, Plaintiff fails to indicate how the named-Defendants were personally and directly involved in the alleged violations of Plaintiff's constitutional rights. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). The body of the

| STATEMENT |
|---|
| complaint makes no mention whatsoever of any of the named Defendant. The Defendants cannot respond to Plaintiff's charges without knowing what wrong each of them is alleged to have committed.<br><br>    For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is granted thirty days in which to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff's allegations must include sufficient facts to put the Defendant(s) on notice of the claims against him. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.<br><br>    Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.<br><br>    If Plaintiff fails to fully comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time. |